UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Constantine Kartsone, | Case No.: 2:20-cv-02222-JAD-EJY |
| Plaintiff | |
| v. | **Order Dismissing Action** |
| Las Vegas Metropolitan Police Department, et al., | |
| Defendants | |

Plaintiff Constantine Kartsone brings this civil-rights case under § 1983 for events he alleges occurred during his incarceration at the Clark County Detention Center.[1] On September 9, 2021, the magistrate judge ordered Kartsone to file an updated address with the court by October 8, 2021.[2] The magistrate judge expressly warned him that his failure to timely comply with the order would result in the dismissal of this case.[3] The deadline has passed, and Kartsone has not filed an updated address.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[5] In determining whether to

---

[1] ECF No. 1-1 (complaint).
[2] ECF No. 9 (order).
[3] *Id*.
[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).
[5] *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S.*

dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

I find that the first two factors—the public's interest in expeditiously resolving the litigation and the court's interest in managing the docket—weigh in favor of dismissing this case. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7] The fourth factor is greatly outweighed by the factors in favor of dismissal, and a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the consideration-of-alternatives requirement.[8] Kartsone was warned that his case would be dismissed without prejudice if he failed to update his address by October 8, 2021.[9] So, Kartsone had adequate warning that his failure to update his address would result in this case's dismissal.

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED** without prejudice based on Kartsone's failure to file an updated address in compliance with this court's September 9, 2021, order; and

---

*Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).
[6] *Malone*, 833 F.2d at 130.
[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).
[8] *Malone*, 833 F.2d at 132–33.
[9] ECF No. 9 (order).

The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: October 14, 2021

                                                           _____
                                                           U.S. District Judge Jennifer A. Dorsey